DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Thelma Kleinman, etc., et al., ) | |
| ) | CASE NO. 5:07CV0698 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| Oak Associates, Ltd., et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Before the Court is the motion to dismiss for failure to state a claim (Doc. No. 12) filed by the defendants, Oak Associates, Ltd. and James Oelschlager, plaintiffs' memorandum in opposition (Doc. No. 14), and defendants' reply (Doc. No 16). For the reasons discussed below, the motion to dismiss is granted.

## **I. BACKGROUND**

Plaintiffs, Mr. and Mrs. Kleinman, invested money in accounts to be managed by investment advisers in September of 2000. Plaintiffs opened one account on September 21, 2000 with $150,075.00 and another account on September 29, 2000 with $175,000.00. (Pl.'s Am. Compl. ¶ 9, 11). By the time the first account was closed on March 11, 2003 it had lost $120,000.00 and by the time the second account was closed on June 7, 2005 it had lost $90,000.00. (Pl.'s Am. Compl. ¶ 9, 11). Plaintiffs opened the accounts through McDonald Investment, Inc. (not a party to this action), which advised plaintiffs regarding allocation of certain assets, advised them on the selection of investment managers, and provided them with other brokerage services. (Def.'s Mot. to Dismiss 1). The accounts were to be managed by defendant investment advisers, Oak Associates. (Pl.'s Resp. in Opp. to Mot. to Dismiss 3).

(5:07CV0698)

Plaintiffs claim there was a contractual agreement between themselves and defendants and that agreement, the Standard Investment Advisers Agreement ("SIAA"), contained an "illegal hedge clause" that was intended to limit legal claims that might otherwise be asserted against defendants.  (Pl.'s Am. Compl. ¶ 8,14).  Plaintiffs claim such a clause violates the Investment Advisers Act of 1940 (15 U.S.C. §§ 80b-1 et seq.) and Ohio Revised Code § 1707.44(B)(5) and that using such a clause is an act or practice that is deceptive, manipulative and materially misleading under Ohio Revised Code §§ 1707.44(G) and 1707.44(M)(1)(d), (3).  (Pl.'s Am. Compl. ¶ 15, 31, 32).  Plaintiffs seek to bring a class action lawsuit.  The Court has federal question jurisdiction over this matter under 15 U.S.C. § 80b-15 and supplemental jurisdiction over the claims arising under Ohio law.  Plaintiffs seek rescission of the SIAA and restitution of all sums invested plus fees paid to defendants.

Defendants argue that there was no contractual relationship between themselves and plaintiffs, but rather that the contractual relationship was only between plaintiffs and non-party McDonald Investment, Inc.  (Def.'s Mot. to Dismiss 1).  Defendants contend that without an effective contract between them and plaintiffs, there is no basis for plaintiffs' claims.  Additionally, defendants contend that each of plaintiffs' claims are time-barred and should be dismissed accordingly.

## II. DISCUSSION

The three major disputes between plaintiffs and defendants regarding plaintiffs' federal question claim are whether the SIAAs signed by the plaintiffs created a binding contract between the parties, which statute of limitations applies to the claim, and whether such statute of limitations has barred plaintiffs' suit.  For the purposes of deciding the instant motion to dismiss,

(5:07CV0698)

the Court will assume *arguendo* that the SIAA between the parties was a valid contract.  This leaves the issues of which statute of limitations to apply to plaintiffs' claim under the Investment Adviser's Act of 1940 ("IAA"), and when the plaintiffs' cause of action accrued.

### A. WHICH STATUTE OF LIMITATIONS APPLIES?

Plaintiffs argue that because the IAA has no built in statute of limitations, the appropriate statute of limitations to borrow and apply in the instant case is either Ohio's fifteen year statute for contract claims (O.R.C. § 2305.06) or Ohio's ten year statute for equitable claims (O.R.C. § 2305.14).  (Pl.'s Resp. in Opp. to Mot. to Dismiss 11).  Defendants argue that the limitations period from the Sarbanes-Oxley Act (28 U.S.C. § 1658(b) (2007)) applies, that is, two years from discovery/five years from violation.  (Def.'s Mot. to Dismiss 8).  Alternatively, defendants argue that, if Sarbanes-Oxley does not apply, the appropriate limitations period to borrow is the one year from discovery/three years from injury limits from the 1933 and 1934 Security Acts as set forth in the Second Circuit's decision in Kahn v. Kohlberg, Kravis, Roberts & Co., 970 F.2d 1030, 1041 (2d Cir. 1992). (Def's Reply in Supp. of Mot. to Dismiss 8).

Although there is little case law from the Sixth Circuit regarding the appropriate time limits to apply to claims brought under the IAA, another branch of this district court has said that "the courts considering the applicable statute of limitations relative to the IAA have been fairly uniform in their application of the same statute of limitations under the 1933 and 1934 Securities Act." Wuliger v. Anstaett, 363 F. Supp. 2d 917, 932 (N.D. Ohio 2005) (Katz, J.) (citing Kahn). The plaintiffs in the Kahn case argued that the Security Act sections should not be used to supply the statute of limitations for their claim for rescission brought under the IAA.  The Kahn court rejected that argument, saying that the purposes behind the IAA and the Securities Acts are

3

(5:07CV0698)

"almost identical."  Kahn, 970 F.2d at 1038-39 (quoting SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180 (1963)) ("Congress intended the [IAA] to be construed like other securities legislation 'enacted for the purpose of avoiding frauds.'").  The court held that the one/three year period used in the Securities Acts was the most "appropriate limitations period to apply to an IAA action for rescission" even if the Security Acts apply to the sale of securities, involve claims of fraud in relation to those sales and require that there be some fraudulent intent on the part of the adviser, and section 80b-15 of the IAA does not.  970 F.2d at 1038.

It is practical to note, however, that Kahn was decided ten years before the enactment of the Sarbanes-Oxley Act.  Whether Sarbanes-Oxley should be applied to claims for rescission under the IAA is still an unresolved issue for many circuits.  In the Second Circuit, Norman v. Saloman Smith Barney, Inc., 350 F. Supp. 2d 382, 392 (S.D.N.Y. 2004), applied the Sarbanes-Oxley time limitations to the plaintiffs' allegations even though they did not depend on proving fraud.  The court merely noted in a footnote that "the parties agree[d] that the IAA claims here are governed by the...statute of limitations incorporated into the Sarbanes-Oxley Act."  Id. at 390.  However, there are cases from the Second Circuit that emphatically state that Sarbanes-Oxley applies only to "actions arising under the securities laws that 'involve a claim of fraud, deceit, manipulation, or contrivance.'"  Phoenix Four, Inc. v. Strategic Resources Corp., 2006 WL 399396, at *6 (S.D.N.Y. Feb. 21, 2006).  See also, In re Global Crossing, Ltd. Securities Litigation, 313 F. Supp. 2d 189, 197 (S.D.N.Y. 2003) (declining to apply Sarbanes-Oxley statute of limitations to claims that do not require a showing of fraudulent intent).

In Wuliger, the district court did not decide whether Sarbanes-Oxley should be applied to claims under the IAA, but did not rule out the possibility. The court merely pointed out that if

4

(5:07CV0698)

Sarbanes-Oxley had applied to the IAA claims, the plaintiffs claims would have still been time barred. 363 F. Supp. 2d at 933. As the cases from the Sixth Circuit have not previously decided whether to apply Sarbanes-Oxley to claims brought under the IAA, but have agreed with the Second Circuit regarding the use of time limitations from the Securities Acts, this Court will apply the one year from discovery/three years from the injury limitations period found in the Securities Acts.

B. WHEN DID THE PLAINTIFFS' CAUSE OF ACTION ACCRUE?

In Kahn v. Kohlberg, supra, the Second Circuit held that the cause of action for rescission of contracts entered into by the plaintiffs and the defendant, an unregistered adviser, accrued "when the agreements were entered into." 970 F.2d at 1042. In Phoenix Four, Inc., supra, the court emphatically stated that "an action for rescission accrues when the contract is executed." 2006 WL 399396, at *6. In the instant case, the plaintiffs claim the SIAAs they signed were facially illegal due to the inclusion of "hedge clauses." If this is true, then the harm occurred to the plaintiffs, and their cause of action accrued, when they entered into the SIAAs with defendants.

Plaintiffs attempt to distinguish Kahn from the instant case by pointing to the fact that the harm in the Kahn case came from entering into a contract with an unregistered adviser, not from entering into a contract that contained an illegal clause. While such a distinction may be relevant to when the plaintiffs in the instant case could have, or should have, discovered the harm upon which their claim is based, it does not affect when the harm actually occurred. The court in Kahn stated that "an investment adviser harms the purchaser of his investment advice at the time he enters into a contract that commits the purchaser to pay for the advice." 970 F.2d at 1041.

(5:07CV0698)

Similarly, an illegal clause in a contract harms an investor at the time the contract is executed.

Plaintiffs in the instant case signed the SIAAs in July and August of 2000 and opened the accounts to be managed by defendants pursuant to the signed SIAAs in September of 2000.  In accordance with these facts, the latest the plaintiffs can claim the harm in this cause of action occurred is September of 2000.  Plaintiffs would have had to file suit by September of 2003 in order to fall within the three years from injury limitation borrowed from the Securities Act.  Plaintiffs did not file suit until March of 2007, therefore, their claim under the IAA is now barred.

### III. CONCLUSION

For the reasons discussed herein, the motion to dismiss the plaintiffs' claims brought under federal question jurisdiction is granted.  The Court declines to exercise its supplemental jurisdiction over the remaining claims arising under Ohio law and dismisses them without prejudice.  See 28 U.S.C. § 1367(c)(3).


IT IS SO ORDERED.


| July 16, 2007 | *S/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
|  | U.S. District Judge |